Good morning. May it please the court, Pablo Amazon for Andre Price, and I'll aim to reserve two minutes for rebuttal. There are two situations where a claim presented in a second-in-time habeas petition is not subject to dismissal under AEDPA. The first is where the claim challenges a brand-new judgment for the first time, which is the Magwood situation. The second is the situation presented in this case, where even though the claim challenges the same judgment and underlying conviction as the first-in-time petition, it's not considered second or successive because the claim cannot have been presented in that first petition and therefore does not constitute an abuse of the right. But does Mr. Price's habeas petition challenge his murder conviction or the state court's denial of his resentencing petition? Does it matter to the resolution of this case? So I'll try to clear this up. So he's challenging the underlying conviction, the original judgment, saying that his jury had received instruction on an invalid theory of guilt. The only reason the resentencing petition is in play is because that's the manner that California mandated him, for him to present this claim to the state courts. But his claim is that his conviction ought to be vacated, right? Excuse me? His claim is that his conviction should be vacated.  Not that he received a sentence that should be changed. Correct, correct. Yes, we're not arguing this is a new judgment. And you're not arguing that you're attacking a new judgment? We are not, no. So, as I understand, however we characterize your claim, because it might fail on the merits of if a district court has jurisdiction to hear it, it's that we couldn't raise this claim until the new California statute got passed. Correct. Whether we call it a new fact or a new law really doesn't matter. It wasn't ripe until the new California statute got passed. Sure. So 2019 is when he could first argue for the first time that his jury had received invalid instructions. Right. And that was after the disposition of the previous two, or at least it was at a point when it couldn't have been made in a previous petition. Yeah, so let me, and I'll give some review. So what about People v. Chiu, which was a 2014 case? Why didn't Mr. Price's claim that the jury was instructed on an invalid theory become ripe after People v. Chiu? So that one only invalidated it as a first-degree murder. It wasn't until SB 1437 was passed, and then there's People v. Gentile, which says, now the natural and probable consequences doctrine also does not apply to second-degree murder. So that's why Chiu is really not in play. He was convicted for second-degree murder under aiding and abetting. And we're not considering, because we're just looking at whether this is second or successive, whether the state court reasonably rejected your claim. No, no. At this point, we would just be asking to remand it to the district court for them to then consider the merits. The district court could well, if we said it had jurisdiction, reject your claim for the reasons that the state court did. In other words, it could say, we think the state court was reasonable in finding that yours was not a case in which this new statute is implicated. I'm not asking you to agree with that. I'm just saying that you're not asking us to say that your claim has merit. No, no. You're just asking us to say that you couldn't have raised it before now. Correct. So at this point, it's just all about whether it was right, whether it could have been raised in that first-in-time petition, because the district court... It's based entirely on the new California statute, is it not? Correct. Yes. Now, that may or may not present a federal question, but that statute was not in existence when you filed your first two habeas petitions, right? Yeah, yeah. And for this, I want to clarify a bit of the timeline so we could kind of better understand why he couldn't raise it in that first one. So he filed it initially in August 2017. That's when the first-in-time petition gets filed. In December 2017, he also seeks leave to amend to add new claims not at issue here, but those claims that were unexhausted in state court. In November 2018, the district court rules that he cannot add those claims precisely because they're unexhausted. So essentially, you know, literally one to two months before SB 1437 becomes law, prices of where that... Let me speak about the timeline, because I was a little confused.  Was your second unsuccessful federal habeas petition still pending when the new law was  Yes.  So that's what I'm trying to... Yeah, but it couldn't be... But the judge said, you can't add this to that one.  And that order had come about one to two months before the new law was passed. And so that's why Price would have known in his position, and under the abuse of the writ, we do look at his circumstances. The federal judge had said, sorry, you can't add that one to your second one.  So then you file a third one. Exactly. So then he does exhaust it January 2nd. You know, he, you know, shows diligence, he files it right away. And the court, the trial court didn't deny that petition until November 2019. And that was already three months after the first in time petition. Well, let me ask you this, is everyone that's in prison for murder, can they make this claim? Or why can't I peek under the covers here and look at yours and say, well, the jury wasn't instructed on the natural and probable consequences. So does everyone get to make... Everyone in prison for murder get to make this claim? No. So... You know, do you see what I'm saying? Yeah, yeah, yeah, I understand. Why is this a floodgate? Or what does someone have to show that it's a natural... Because it looks, it kind of looks like they might say, well, they weren't instructed that way. And if you look at the nature of the case, your client had DNA of the victim and, you know, that it was an 80, that they were instructed on aiding and abetting. So kind of addressing the merits of the claim. So he is arguing that his jury did receive natural and probable consequences instruction in CalCrim 400, where the judge read that optional paragraph that says, you know, if you find sufficient evidence that he was aiding and abetting one crime, he may also be guilty of any other crimes committed during that first crime. And, you know, kind of going back to what the jury found, the prosecution's theory was that he was either guilty of felony murder in the first degree with robbery as the underlying predicate of felony, or that it was just malice murder where he was the actual shooter. Murder too. Yeah. And the jury didn't find any of those theories. But you may be dead wrong. In other words, that's not what we're here about. Yeah, exactly. You know, at least looking at it preliminarily, I'm not overly convinced that your federal habeas claim, if allowed to proceed, will be successful. That's not the issue. No. The only issue is whether it's barred by the second successive statute. Yes. Basically, whether the district court properly, you know, dismissed it as barred under 2244B. And we're arguing that it wasn't because it wasn't ripe, and if we focus on his specific circumstances. So he can't challenge, like, I know one of the things that he challenged in his direct appeal initially, and was that there was not given a lesser included of involuntary manslaughter. That ship has sailed, right? Yeah, that one's long gone. So we're not arguing that he can revive any of those claims. It's just this due process based on the SB 1437 change in law, that did not become viable until 2019. Thank you. And I'll save the rest of my time for rebuttal. Thank you. All right. Thank you. Ms. Brennan. Good morning. Good morning. And may it please the court. I'm Stephanie Brennan on behalf of the warden. At first, I'd like to begin by saying, you know, both of the successiveness issues are before the court. And I would urge this court to also rule on the new judgment issue, in order to give the district courts the guidance that they want. I mean, we could rule on it, except nobody's urging that there is the... He's not up here saying there's a new judgment. So it would be an advisory opinion, wouldn't it? I don't believe so. I mean, I believe... I mean, I know district courts... He's not challenging it. I would say that... I know they... He sat here all morning, and we asked people, where is that in your briefs? So... I would say it's in... You know, we are not the court of answering all legal questions. Sure. I would say that it was part of the COA. It was in my brief. I was asking the court to rule on it. But I'll turn to the ripeness issue, which, of course... But you say there's not a new judgment, and he said... He doesn't challenge it. You say... And he says there's not a new judgment. So I'm not sure why we should rule there's not a new judgment. Let's talk about the issue that is it. Sure. I mean, turning to the ripeness issue, the thing here is that his whole instructional error, I mean, his whole instructional claim is based on this premise that SB 1437 gave him a new instructional claim, which... It may be a terrible theory, but he couldn't have raised that theory until the statute was passed, could he? He couldn't have based a claim on it, but that doesn't answer the ripeness issue. And the ripeness issue presupposes that something has changed. No, no, that's the merit. See, he's saying there's this new statute, and because of this new statute, my federal rights have been violated. And I must say, it may change my mind when the merits come back in front of me someday, that I don't think it's a very good claim, and that the California Supreme Court was probably right in rejecting it. But that's not the issue in front of us. The issue in front of us is whether he could have made this claim prior to the time that he filed the third habeas. And for the life of me, I can't see how he could have made this claim prior to then. I would say, well, the answer to that question is this, is saying that that would only be correct if SB 1437 actually made those amendments, the amendments to the  No, no, that's a merits claim. He's saying, he's making a claim that may be wrong. He's saying there's a new statute, and I'm entitled to relief based on the new statute. And you may be entirely correct when you go back to the district judge, if you do, and say that's a crappy claim. The statute isn't retroactive. It didn't make the changes he said. He's not entitled to relief. That's not the issue in front of us. The issue in front of us is whether or not he's raising a claim in this petition that he could not have raised in a previous one. And so, could you address that for me? I just don't see how he could have raised this claim as bad as you think it is. It absolutely is for a variety of reasons. But, so, you know, the rightness issue is, you know, going to the factual predicate, because that's the whole thing, right, about this case, is like, when did that factual predicate arise? And the factual predicate is, when did the facts that give rise to the federal constitutional issue arise? So, he's pointing to the SB. But underlying that is only if that SB actually, truly, is a change to that murder statute, which actually would invalidate his jury instruction claim. Now, he could have other, quote, ripe claims with regard to a change in the murder statute, saying, for example, he could say, he could have a ripe claim about the murder statute saying, there's a due process violation because those amendments should have been retroactive to people with final judgments just like me. That would be a ripe claim. But an unripe claim is the one he's raising, which is about the jury instruction. That's a step removed. That is based on saying that those murder amendments are actually retroactive to people with final judgments. That actually would be the factual predicate. That's why it's not the merits. The merits of his instructional claim have to do with the actual alternative legal theory claim. That's the merits. What you're doing with ripeness is actually saying, does that factual predicate exist? Well, I think, I know you try to distinguish Brown v. Ashley, but I feel like that's problematic for you. Brown is different because Brown, all of those claims actually went to the resentencing proceedings themselves. The due process challenge there had to do with, it's unfair that you're treating me differently than people who are able, it should apply to people who are convicted of conspiracy for murder. That's sort of similar to this analogy they said here. He would have a ripe due process claim of saying that these murder statutes, the amendments, should be retroactive to people who had final judgments. That would be a ripe claim, but not the jury instruction claim that he's trying to raise. Put aside technical definitions of ripeness for a moment and just see if we can agree on one thing. Do you agree that he could not have brought the claim he's bringing, whether it's valid or invalid, until the statute was passed? I mean, sure. He couldn't say, I'm basing my, this jury instruction claim naming SB 1437. He couldn't name that statute before?  The claim is based entirely on the statute. But again, it doesn't answer the ripeness question, which underlies it. I understand. We may or may or may not agree on that. I'm just trying to make sure I understand your position. You do agree that he couldn't have even thought about bringing this claim until the statute passed? Again, naming that particular statute, no. But again, it doesn't answer the ripeness question. My second question is, as I read the petition, he's not really bringing any other claim. In other words, he's not saying all these other things you said. He's just saying this statute entitles me to relief. He's saying my, his claim is my jury instructions, the jury was instructed on an invalid theory, and therefore I'm, you know. But he's basing that claim entirely on the passage of this statute. Yes. And he could have some other. There are people that have gone back and front in the state courts, and I'm familiar with at least a few cases, because I was a trial judge back in the day, where they were convicted, say, on the provocative act theory, or that they were, they were the mastermind of some drug break-in, and, you know, but they weren't there, it's not an aid or an abetter type thing, that they've actually gotten relief for, they've been found that they're free, they're free. Saying you were convicted on the, that what you did by telling someone that if you go over to that house there, they have drugs in the house, and then they go over and it's a home invasion and people are killed. They're people that are getting out. And that's retroactive in a way. Sure, like, just like CHU is. So, for example. Because it's insufficient. They were convicted on the theory of the law that, that this particular statute says is not valid. Sure, just like CHU. And, for example, CHU is a situation where it's there, it's, that's the way that the stat, again, all crimes in California are statutory. And what happened with CHU is saying that it was the judicial decision that was interpreted what the statute was always. And it was just that over a period of time, the courts had been misinterpreting it. And all that CHU said is going back and saying, the statute under which you were convicted always meant this. And that's different than the situation here, where it's the statute itself that has been changed. And that's what makes it different here than what happened in CHU. If, here, there had been a judicial decision interpreting the murder statute that he had been convicted under, and if that, the change had been made just as in CHU, of saying that under second-degree murder, the natural and probable consequences no longer existed, he would be fine. Who can bring, would you say, who can bring a claim after that case? After? After the statute was passed. Who can bring a? Sure, so people who, I mean, so people who are currently, haven't been convicted yet, as the state, California state courts saying that this new definition of murder applies to all people who have not yet been convicted, and then... They're releasing people that were convicted in the past under the natural and probable consequences. Of course, and that's for people saying, they go under this resentencing statute, and they're released not because there's been any trial, not because the jury was misinstructed, but instead, they are resentenced because it's an act of leniency. Again, not because anything wrong happened at their trial. Well, right, but they're saying it's not a valid theory of murder. Because they're saying you are, again... And they're out, they're free. Correct. And it's basically, and their conviction's gone, right? Their conviction's gone, but again, Your Honor... Because the evidence can't support it under that theory. Because they're saying, but it's not because anything wrong happened at your trial, which again, his theory here, his claim here, is jury instruction error. I'm saying he can go ahead and bring up a claim... That's why he might not win, and that's why he didn't win on the state resentencing. But we're just dealing with ripeness. Yes, correct, and so he could have a ripe claim if he aims it only at his resentencing, and he can bring that type of claim, which would be ripe, but it would not be cognizable as what the district court had already found, saying that's his claim. Hypothetically, let's assume that he went back on the resentencing, and the state court got it wrong, and they said no, you know, and then you say he can't challenge that in the federal court, and the federal court might say no, the state court got it wrong, and you were convicted under the natural and probable consequences, so you're entitled to relief. So you're just saying, looking at his case, pulling the covers off, he's only making jury challenges, and he really wasn't convicted under that, and that's why he'll lose on habeas, but I don't know why he can't challenge it. Again, Your Honor, because... Because he's going to lose, you're saying. He's going to lose if he makes, well, he's going to lose for a number of reasons, but the fact remains is that he can't make this type of claim. But what if he was going to win? What if he was going to win, and then you wouldn't let him bring a habeas? The California state courts haven't permitted him to make this type of claim. Well, and so we have a habeas judge, if he had jurisdiction, would determine whether the California state court was an unreasonable application of federal law, and I suspect you would probably win on that issue. But I'm still... I'm still having trouble figuring out why this is a second or successive... barred by the second or successive statute when it couldn't have been argued before. And that's... I mean, it seems to me the one thing that's clearly outside second or successive is an argument you couldn't possibly have made before. It may be a terrible argument, you may be right, but it is an argument he couldn't possibly have made before. And I understand there, you know, sort of the challenge or the difficulty of sort of really trying to look at what the difference is between the merits of something and getting into the factual predicate on the ripeness issue. And what I'm trying to say about the ripeness issue is really looking at, if you look at what the factual predicate is, the fact that gives rise to the federal constitutional violation, that fact has to be the amendment themselves, and whether it's right or wrong. Because what is the thing that he's saying invalidates the jury instruction? And the only thing that can invalidate that jury instruction is if that amendment applies to him. And that has to be what this inquiry is about ripeness. And that's not the merits. That's what this court has to decide. All right, thank you, Counsel. You're well over your time. Thank you. Mr. Amazon? Again, just to keep it real simple, like Judge Hurwitz, you mentioned, the question is, could he have brought this specific claim while his first-in-time petition was still pending? For the reasons I discussed earlier, he couldn't have. Therefore, the claim was not right. The district court wrongly dismissed it as second or successive. And we would ask that this case be remanded for the district court to consider the merits of this claim. All right, thank you very much, Counsel. Price v. Arce is submitted. We have previously submitted Comprehensive Medical Center v. State Farm. Thank you.
judges: WARDLAW, CALLAHAN, HURWITZ